## KANTER v. ROBERTSON et al.
### No. 4388.

Circuit Court of Appeals, Fourth Circuit.
Feb. 28, 1939.

James G. Martin, of Norfolk, Va., for appellant.

S. M. Brandt, of Norfolk, Va., for James M. Robertson, appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to superintend and revise, in matter of law, an order entered July 29, 1938, in the District Court of the United States for the Eastern District of Virginia, at Norfolk, in the matter of Tidewater Electric Corporation, Bankrupt.

On July 8, 1938, the appellant, Harry H. Kanter, was duly elected Trustee of the estate of Tidewater Electric Corporation, Bankrupt. Prior to the election of the trustee one James M. Robertson had been in charge of the bankrupt estate as Receiver. On July 13, 1938, the trustee petitioned the Referee in Bankruptcy to appoint one Israel Steingold as attorney for the trustee "to handle any and all legal matters which may be necessary and which may arise in the administration of this estate, to investigate the books and records of the corporation and to collect the accounts receivable of the bankrupt" and on July 14, 1938, the Referee entered an order refusing to appoint the said Steingold as attorney for the trustee and appointing the said James M. Robertson, the former Receiver, as attorney for the trustee. Three attorneys for the creditors of the bankrupt objected before the Referee to the appointment of Steingold and moved for the appointment of Robertson. The appellant as trustee did not nominate any other attorney for the appointment but insisted upon the appointment of Steingold. The trustee petitioned the judge of the court below to review the action of the referee in refusing to appoint Steingold and appointing Robertson. The court below dismissed the petition for review and approved and confirmed the order of the referee appointing Robertson as counsel for the trustee. Thereupon the appellant brought this petition to superintend and revise.

The sole question involved here is the right of the referee and the district judge to control the appointment of an attorney for the trustee in a bankruptcy matter contrary to the recommendation and nomination of the trustee.

Creditors of a bankrupt estate are the real parties in interest and are given the right, under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., to elect a trustee, subject to the approval of the court. Ordinarily the trustee should be allowed to select his attorney. The relationship between the trustee and his attorney is highly confidential and it would seem to be important that if the trustee nominated a proper attorney that attorney should be appointed in the absence of some good reason to the contrary.

General Order in Bankruptcy 44, 11 U.S.C.A. following section 53, provides that no attorney for a trustee shall be appointed except upon the order of the court, which shall be granted only upon the verified petition of the trustee.

"The trustee is liable for the misfeasance of his attorney, although he has the right to employ counsel and has not been negligent in his selection." Remington on Bankruptcy, 3d Ed., Section 1122.

"Nor should creditors be allowed to nominate and elect an attorney for the trustee; he should not be thus controlled by indirection; and it would not be fair to the minority." Remington on Bankruptcy, 3d Ed., Section 1120.

In re Mandell, 2 Cir., 69 F.2d 830, 831, the court said: "On the other hand, in general we regard it as inimical to good administration to fasten an attorney on the trustee against his will. The relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously. Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, and reasons which make it for the best interest of the estate to have the court select the attorney over the trustee's objection should appear in the record. * * * In depriving him of this privilege we think there was an abuse of judicial discretion. Orders reversed." See, also, In re Abram, D.C., 103 F. 272; In re Baber, D.C., 119 F. 520; In re Columbia Iron Works, D.C., 142 F. 234; In re Rury, 9 Cir., 2 F.2d 331; In re Chicago Rapid Transit Co., 7 Cir., 93 F.2d 832.

Under the circumstances of this case we are of the opinion that the referee and the court were without power to make the appointment of Robertson. Ordinarily the choice of an attorney for the trustee rests with the trustee subject to the approval or disapproval of the referee or judge, and

the choice of the trustee should be confirmed unless good reasons appear to the contrary.

Reversed.