## In re CHRIST'S CHURCH OF THE GOLDEN RULE.

### Appeal of SAMPSELL et al.
### No. 11370.

Circuit Court of Appeals, Ninth Circuit.
Nov. 15, 1946.

Irving M. Walker, Frank C. Weller, Thomas S. Tobin, and Martin Gendel, all of Los Angeles, Cal., for appellants.

No appearance for appellees.

Before DENMAN, HEALY, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court in the above bankruptcy proceeding confirming the denial by the referee of the petition of the above trustees for the employment of certain persons as their attorneys. The ground of the appeal is the claim that, without hearing on the petition, which satisfied all the requirements of General Order in Bankruptcy No. 44, 11 U.S.C.A. following section 53, the referee denied the employment of the attorneys sought by the trustees.

We think the court and referee erred in proceeding ex parte and in not having a hearing on the petition. General Order 44 provides

"No attorney for a receiver, trustee or debtor in possession shall be appointed except upon the order of the court, *which shall be granted only upon the verified petition of the receiver*, trustee or debtor in possession, stating the name of the counsel whom he wishes to employ, the reasons for his selection, the professional services he is to render, the necessity for employing counsel at all, and to the best of the petitioner's knowledge all of the attorney's connections with the bankrupt or debtor, the creditors or any other party in interest, and their respective attorneys. If satisfied that the attorney represents no interest adverse to the receiver, the trustee, or the estate in the matters upon which he is to be engaged, and that his employment would be to the best interests of the estate, the court may authorize his employment, and such employment shall be for specific purposes unless the court is satisfied that the case is one justifying a general retainer * * *." (Emphasis supplied.)

An inspection of the trustees' verified petition shows that it stated the complicated character of the trustees' anticipated litigation, creating a special need of counsel for the successful discharge of the trustee obligation. Every requirement of General Order 44 is fully satisfied by the allegations of the petition. As was stated by the Second Circuit with reference to General Order 44 in the Matter of Mandell, 2 Cir., 69 F.2d 830, 831,

"Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, and the reasons which make it for the best interest of the estate to have the court select the attorney over the trustee's objections should appear in the record."

The Fourth Circuit in Kanter v. Robertson et al., 102 F.2d 92, 93 stated of the relations between the trustee and his attorney:

"* * * Ordinarily the choice of an attorney for the Trustee rests with the trustee subject to the approval or disapproval of the referee or judge, and the choice of the trustee should be confirmed unless good reasons appear to the contrary."

The reasons of the referee "to the contrary" were arrived at by an ex parte process of which the trustees had no knowledge until the order was entered. Thus the referee frustrated the *first* choice of the trustees for their attorneys for the important and difficult work before them.

The referee frankly says he makes no findings of fact on the allegations of the

petition because the proceeding is ex parte. He states he was in receipt of certain communications which raised a question in his mind as to whether the proposed attorneys might have an interest which would disqualify them. We think that under General Order 44 the petitioning trustees are entitled to a hearing on their petition for a judicial deliberation on the matters the referee has in mind.

The trustees ask us to pass on the sufficiency of the matters outlined but not found in the referee's report to warrant a refusal to permit the employment of the proposed attorneys. This would be futile for we do not know what importance they may have as the issue is developed at the hearing.

The order appeal from is reversed and the case remanded for a hearing on the merits of the petition for the employment of the attorneys.