**In re AIRLIFT INTERNATIONAL, INC., Debtor.**

**Bankruptcy No. 81–00846–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Oct. 27, 1988.

David Bird, Asst. U.S. trustee, S.D. Fla., Miami, Fla.

William Seidle, Miami, Fla., trustee.

Timothy J. Norris, Weil, Gotshal & Manges, Miami, Fla., for trustee William Seidle.

Robert Schatzman, Miami, Fla., for Creditors' Committee.

John W. Kozyak, Kozyak Tropin & Throckmorton, Miami, Fla., for Chase Manhattan Bank, indenture trustee.

Jerry Markowitz, Miami, Fla., for Secured Administrative creditors-McDonnell Douglas Finance Corp. and First Greyhound Leasing Co., Robert E. Dell'Artino and George M. Rosen, trustees for McDonnell Douglas Finance Corp. and First Greyhound Leasing Co.

## ORDER ON U.S. TRUSTEE'S OBJECTION TO PLAN OF REORGANIZATION

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court for hearing on Thursday, October 20, 1988, at 10:30 a.m. on the Emergency Motion and Memorandum of Law by U.S. Trustee Requesting Ruling on Objections to Plan of Reorganization (the "Motion"). The Court heard the arguments of the U.S. Trustee, the Trustee, the Creditors' Committee, and other parties in interest.

William D. Seidle, the trustee of the debtor's estate, filed an amended plan of reorganization which, *inter alia*, designated Mr. Seidle to be one of five members of the board of directors of the reorganized debtor and to be chairman of the board with an annual salary of $75,000 and eligible to participate in a stock option plan for employees. The U.S. Trustee filed the Motion objecting to these aspects of the plan.

While the Court recognizes Mr. Seidle's abilities and experience and does not impute any improper motive to Mr. Seidle, the Court finds that by designating himself chairman of the board of the reorganized debtor, Mr. Seidle, as a trustee owing fiduciary obligations to the debtor's estate and its creditors, would place himself in a position of the appearance of a conflict of interest, which public policy cannot allow. Accordingly, it is

ORDERED that the Motion is granted in part; that William D. Seidle may not serve as an officer or director, or acquire any stock, of the reorganized debtor for a period of six months commencing on the effective date of any confirmed plan of reorganization of this debtor; and that the Trustee is hereby directed to amend the plan and disclosure statement consistent with the terms of this Order.