### In re GEM TIRE & SERVICE CO., Debtor.

### Bankruptcy No. 90–00637–H1–7.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 27, 1990.

## MEMORANDUM OPINION

**MANUEL D. LEAL, Bankruptcy Judge.**

This motion is about an attorney-trustee hiring his own law firm to represent him in a Chapter 7 bankruptcy proceeding.

The trustee assigned to this Chapter 7 case is an attorney who is applying to employ a law firm, of which he is a partner and in which he holds a financial interest, to perform specified legal services for the trustee. For the reasons stated below, this application is denied without prejudice to apply again consistent with this opinion.

The attorney-trustee asserts in his motion that "[t]he law firm represents no interest adverse to Applicant as Trustee or the Estate in the matters upon which it is to be engaged for Applicant as Trustee and its employment would be in the best interest of the Estate."

Of particular concern is that the trustee has a financial interest in the law firm he is seeking to hire. Further, his law firm's compensation will be paid from proceeds of the bankruptcy estate whose assets the trustee is statutorily charged with protecting.[1] In short, the trustee's law firm—as well as the trustee-partner—both stand to profit from an employment relationship that has been facilitated and urged by one who holds a fiduciary's duty of loyalty to the estate from which the profit will derive. What is not known is whether the bankruptcy estate values will likewise profit from this relationship.

Given this uncertainty, additional factual information must be provided by which the court can determine whether or not the best interest of the estate is served by the employment of a trustee's own law firm.

*Jurisdiction*

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc*, issued August 9, 1984 by the Chief District Judge of the Southern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

*Discussion*

A. Conflicts of Interest and the "Best Interest of the Estate" Test of Section 327

As is true for any client, a trustee has wide latitude in selecting the legal counsel he wishes to employ, although prior approval from the bankruptcy court must be obtained.[2] The right to choose one's attorney stems from the confidentiality of the attorney-client relationship and the position of trust held by one's counsel. *Kanter v. Robertson*, 102 F.2d 92, 93 (4th Cir.1939). Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel. *In re Mandell*, 69 F.2d 830, 831 (2d Cir.1934), quoted in *In the Matter of Allard*, 20 B.R. 902 (Bankr. E.D.Mich.1982).

Bankruptcy Code section 327(a) contains the requirements that trustee's counsel must satisfy. That section reads as follows:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

The Bankruptcy Code even allows a trustee to employ himself as attorney for the estate, as long as the appointment is in

---

1. At the outset this court recognizes that trustees often perform thankless jobs for which they frequently are not adequately compensated. At the same time the court is also aware that creditors and equity owners sometimes perceive bankruptcy trustees and their attorneys as using the bankruptcy laws to consume estate funds that should, in the lay persons' eyes, go to pay creditors.

2. The U.S. Trustee also bears a responsibility to review such applications, pursuant to the scope of the duties listed in Title 28 U.S.C. § 586(a)(3)(H). However, the U.S. Trustee function is a monitoring one only and does not extend to binding powers of approval or disapproval.

the best interest of the estate.[3] *In re First Colonial Corp. of America*, 544 F.2d 1291, 1297 (5th Cir.1977), the Fifth Circuit observed that there is no inherent impropriety in such an arrangement.

■ However, the Fifth Circuit has shown sensitivity to preventing conflicts of interest. *Pierson & Gaylen v. Creel & Atwood (In the Matter of Consolidated Bancshares, Inc.)*, 785 F.2d 1249, 1256 (5th Cir.1986). It has cited with approval the standard advanced in *In re Philadelphia Athletic Club, Inc.*, 20 B.R. 328, 334 (E.D. Pa.1982), quoting 1 *Collier Bankruptcy Manual* § 101.13 (1981) as follows:

> [P]rofessionals engaged in the conduct of a bankruptcy case should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration.

785 F.2d 1249, 1256, n. 6 (5th Cir.1986). Other circuit courts have likewise addressed this area. The conduct of bankruptcy proceedings not only should be right but must seem right. *Knapp v. Seligson (In the Matter of Ira Haupt & Co.)*, 361 F.2d 164 (2nd Cir.1966). This high standard of conduct necessarily extends to the bankruptcy trustee.

■ A trustee's acts are governed by the fact that he holds a fiduciary obligation to the debtor's estate and its creditors and therefore cannot place himself in a position which would give the appearance of impropriety or be a conflict of interest. *In re Airlift International, Inc.*, 92 B.R. 550 (Bankr.S.D.Fla.1988). Equitable principles require that a fiduciary only serve one master. *Woods v. City Nat'l Bank*, 312 U.S.

262, 269, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941), *cited in Matter of Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1256 n. 7 (5th Cir.1986).

■ Legal counsel, as agents and representatives of the trustee, must likewise satisfy this high standard of conduct. *Id.* *Accord, Matter of Evangeline Refining Co.*, 890 F.2d 1312, 1323 (5th Cir.1989). Therefore, the trustee and the trustee's attorney must not compromise their primary duty to the bankruptcy estate in the course of dealing with one another.

■ The provisions of § 327 reflect Congress' concern for avoiding conflicts of interest as to employed professionals. Counsel employed pursuant to § 327(a) must pass the "no adverse interest" and "disinterestedness" tests.[4] For trustees who wish to employ themselves as counsel, the trustee must also show that the best interest of the estate of § 327(d) would be served thereby.

The employment relationship between a trustee and the law firm in which she holds a financial interest is further defined by the operation of Bankruptcy Rules 2014 and 2016(a). Rule 2014 states that when an attorney or law firm is employed, any member or regular associate of the partnership, corporation or individual may act as attorney so employed without further order of the court. Furthermore, Bankruptcy Rule 2016(a) allows for the sharing of fees among attorneys who practice in the same law firm,[5] without disclosure to the Court. It appears then that the operation of the Bankruptcy Code and Rules allow a trustee to seek court approval to employ her own law firm, notwithstanding the fact that the trustee stands to personally profit thereby.

---

3. The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate. 11 U.S.C. § 327(d).

4. The standard for disinterestedness is set out in 11 U.S.C. § 101(13) and reads, in pertinent part, that the law firm "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relation-

ship to, connection with, or interest in, the debtor, ... or for any other reason."

5. Bankruptcy Rule 2016(a) states that applicants for compensation must divulge details of any agreements that the applicant has entered into regarding the sharing of compensation. However, this disclosure requirement need not be met if compensation is to be shared pursuant to the applicant's status as a member or regular associate of a firm of lawyers.

In *Knapp v. Seligson* (*In the Matter of Ira Haupt & Co.*), 361 F.2d 164 (2nd Cir.1966), the court addressed the situation of an attorney occupying the dual position of trustee and member of the firm rendering legal services to the estate. Here, the Second Circuit reached the question of a court's power to authorize a trustee to employ his own firm as counsel and of general practice in the administration of bankrupt estates. In the Court's view, the provisions of § 62(c) of the Bankruptcy Act (1938), forerunner to present Bankruptcy Rule 2016(a), does not prohibit the attorney-trustee's sharing of fees for performing legal work as a member of his firm when that work is undertaken by the trustee in his capacity as counsel to himself. 361 F.2d 164, 167, and n. 5 (2nd Cir.1966).

Indeed, as § 327(d) and Rules 2014 and 2016 would suggest, this result has not been changed by the provisions of the current Bankruptcy Code.[6] Approval of the firm's employment is, through the operation of Rule 2014, opening the door for the trustee to undertake duties as her own attorney, as under § 327(d). Furthermore, Rule 2016(a) allows the trustee to enjoy an economic benefit from such employment. As one case put it, the provisions of Rule 2016(a) provide an exception to the general principle that a trustee cannot derive any profit from the rendition of services to the estate. *York International Building, Inc. v. Chaney*, 527 F.2d 1061, 1075–76 (9th Cir.1975), quoted in *S.E.C. v. Kenneth Bove & Co., Inc.*, 451 F.Supp. 355 (S.D.N.Y. 1978) (analyzing Bankruptcy Rule 10–215(d), formerly Rule 219(d) and forerunner to present Bankruptcy Rule 2016(a)).

Because of the interplay between § 327(a) and Bankruptcy Rules 2014 and 2016(a), and in light of the admonishments of caselaw, the provisions of § 327(d) are necessarily implicated when a lawyer-trustee seeks to employ his own law firm for work in which the trustee may profit, even if indirectly. Pursuant to the requirement

in § 327(d), the best interest of the estate standard must be satisfied in such cases.

Therefore, this Court holds that when a trustee seeks to employ his own law firm to perform services for a trustee or the estate, the best interest of the estate test of § 327(d) must be clearly demonstrated in the application. In other words, trustees must explain in sufficient detail the facts of the particular case so that the court can conclude that the proposed employment is in the best interest of the estate.

**B. The "Best Interest of the Estate" Defined**

Having concluded that the standards of § 327(a) and (d) apply, it is necessary to address what constitutes the best interest of the estate under § 327(d). The Bankruptcy Code does not define this standard. It can be safely said that the estate's best interest must derive from and be compatible with the goals of bankruptcy law, that is, to maximize the value of the assets of the bankruptcy estate in the most cost efficient way for the benefit of those who own those assets.

This goal may very well be served by the appointment of the trustee as his own counsel under § 327(d), especially when the size of the estate or the nature of the legal work to be performed is such that the hiring of outside counsel would be financially impractical or expensive or not cost effective. *Haupt, supra; In re Michigan Interstate Railway Co., Inc.*, 32 B.R. 325 (Bankr.E.D.Mich.1983).

It is noted that the legislative history of § 328(b), which prohibits double payment to a trustee acting as her own attorney, states:

> The purpose of permitting the trustee to serve as his own counsel is to reduce costs. It is not included to provide the trustee with a bonus by permitting him to receive two fees for the same service or to avoid the maxima [for trustees fees] fixed in section 326.

---

**6.** The *Haupt* court also ruled that a trustee is prohibited from sharing fees earned as a trustee with the other members of his firm. That issue need not be addressed with regard to the subject application. However, this court enforces the rule against compensating a law firm for duties that rightfully are the responsibility of the trustee.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 329, *reprinted in* 1978 U.S.Cong. & Admin. News 5963, 6285; S.Rep. No. 989, 95th Cong., 2d Sess. 39, *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787, 5825. For similar reasons the trustee's recommendation of his own firm may be the most financially prudent choice.

However, before this court will approve the employment of a trustee's firm, and to ratify that choice as being in the best interest of the estate, the trustee must show in his application, with sufficiently detailed factual explanation, that such legal services are necessary in the particular case under consideration.

Many of the trustees that are currently practicing before this court are attorneys. These trustees have been chosen, in large part, because of that fact. The reason for this is clear. Many of the duties of bankruptcy administration tap into the skills that are normally acquired through experience as an attorney, such as preparation of the motions required to be filed in a particular case. Furthermore, the trustee-attorney has the legal training to recognize valuable causes of action that can be pursued for the benefit of the estate. A trustee who is not an attorney may perform these functions without violating the prohibition against unauthorized practice of law. However, the trustee-attorney may in some instances save the estate time and money in more efficiently carrying out these duties, due to the trustee's legal background. Consequently, a trustee who is an attorney must clearly demonstrate to a bankruptcy court why he wants to employ more attorney power at the expense of the estate. This is particularly true for those estates of limited asset value.

Assuming the need for counsel is adequately demonstrated, then the court and creditors must be clearly informed how the selection of the trustee's own law firm is justified, again using the "best interest" criterion. In the view of the *Haupt* court, *supra*, such appointments should be exceptional, and justified by special circumstances. 361 F.2d at 168. The court there pointed out that a trustee's objective assessment of his law firm's ability to handle particular litigation is to some extent colored by his loyalty to and financial interest in the law firm he recommends. That circuit court recommended the use of third party law firms for those cases involving complex or substantial casework, commenting as follows:

> even the most experienced attorney who becomes a trustee in a complicated bankruptcy can benefit from the advice of an independent general counsel; we need not go so far as the familiar adage concerning self-representation by a lawyer to say that a second head is not without value in such matters simply because the first is exceedingly good.

*Id.* at 169. In equating employment of one's own law firm as counsel with trustee self-representation under § 327(d), the adage holds relevance for the employment application at issue in this case.

A recent bankruptcy court decision has identified two possible areas of conflict that emerge when a trustee employs her own law firm as trustee's counsel pursuant to § 327(a). *In re Butler Industries, Inc.,* 101 B.R. 194 (Bankr.C.D.Cal.1989).

The first of these touches upon the trustee's responsibility to monitor all legal fees in the bankruptcy case, pursuant to 11 U.S.C. § 704(5). The trustee occupies a position of divided loyalty when she is required to zealously represent the interests of the estate while retaining at least some interest in seeing that her law firm obtain recovery of its fees for time and resources expended on the case. It is not unreasonable to imagine that a typical bankruptcy trustee therefore might rely to a greater or lesser extent on the resources of the trustee's firm to effectively carry out the trustee's administrative duties.

Of course, the Bankruptcy Code does not allow law firms to be reimbursed for duties that are the trustee's responsibility. A means of informally compensating these unsung efforts might therefore be to employ one's own firm, or (from the law firm's perspective) allow oneself to be employed. Thereafter when the trustee's firm makes application for compensation,

the trustee may find herself loathe to vigorously scrutinize the propriety of the charges.

In addressing a parallel situation the Fifth Circuit has noted that the debtor's and the trustee's interests were bound to be divergent when it came to the issue of awarding compensation to the administrator of the estate, i.e., the trustee. *Massachusetts Mutual Life Insurance Co. v. Brock*, 405 F.2d 429 (5th Cir.1968), *cert. denied*, 395 U.S. 906, 89 S.Ct. 1748, 23 L.Ed.2d 220 (1969); *see also, In re First Colonial Corp. of America*, where the Fifth Circuit noted that the effect of employment pursuant to § 327(d) [7] was to render the trustee an interested party on the issue of attorney compensation for services necessary to the administration of the estate. 544 F.2d 1291, 1297 (5th Cir.1977), supra.

█ The duality of the attorney-trustee's role as trustee and as member of the law firm gives rise to a second problem, that is, the classification of services. The Bankruptcy Code precludes reimbursing a law firm or an individual attorney for work of the type that is generally performed by a trustee without the aid of legal counsel. 11 U.S.C. § 328(b). Because of their close relationship it is not always clear whether the law firm is rendering services that by rights, and by statute, are to be discharged by the trustee.

The *Haupt* court similarly qualified the rule regarding permissible fee-sharing in those situations where the attorney, as trustee, shares in the compensation earned and awarded to his firm for work in which the attorney-trustee did not participate. 361 F.2d at 167–68. As stated in a passage from Collier's quoted in the case, the exception of § 62(c) (present Rule 2016(a)) refers only to the fees of an attorney-at-law earned *qua* attorney and not earned as a trustee. *Id.* This qualification is presumably aimed at insuring that the trustee not profit from work done by others on behalf of the estate.

In a similar fashion the court in *Kenneth Bove* qualified the trustee profit-sharing exception of Rule 2016 by stressing that the trustee may not profit from non-legal services rendered to the estate by the law firm, and that the law firm's fee application must carefully segregate the services rendered, lest the trustee be permitted to profit from non-legal service to the estate in violation of his fiduciary duties. 451 F.Supp. at 359.

Wary of this ethical dilemma, the *Butler* court established the criterion that a trustee must show "cause" to justify employment of the trustee's law firm. By way of guidance, the court suggested four nonexclusive situations where such employment of the trustee's own law firm might be indicated: 1) where estate assets are mostly preference and fraudulent conveyance actions *and* legal counsel would get paid from any recovery; 2) a minimum of legal work is involved with which to justify hiring an outside law firm; 3) substantial legal activity must be quickly undertaken, thereby precluding the option of hiring outside counsel unfamiliar with the situation; and 4) trustee can demonstrate that the appointment of his own firm will result in substantial reduction of costs to the estate. 101 B.R. 194.

In addition, the *Butler* court also required that the trustee give creditors and other parties in interest notice and an opportunity to be heard before the court would consider the application. In this way the court will be aided by the vigilance of those parties who stand to be directly affected by the consequences of any conflict of interest.

### Conclusion

█ The above discussion is meant only to point out the various reasons why it becomes necessary for a lawyer trustee-applicant to disclose sufficient information with which the court can make an informed determination on the issue of whether the

**7.** Former Bankruptcy Rule 215(e) under the Bankruptcy Act, which was controlling in that case.

employment of the trustee's law firm does not create an impermissible conflict of interest, and is otherwise in the best interest of the estate. This court concludes it is appropriate to make such inquiry and place upon the trustee the burden of providing the court, on notice to the creditors, the necessary information with which the court can carry out its charge.

For these reasons, the subject Application for Retention of Counsel for the Trustee is hereby denied, without prejudice. The Court hereby grants the trustee leave to make reapplication in conformity with the holding and the guidelines stated above.