**In re BENJAMIN'S–ARNOLDS, INC., Debtor.**

**Bankruptcy No. 4–90–6127.**

United States Bankruptcy Court, D. Minnesota.

Nov. 20, 1990.

Michael LeBaron, Bloomington, Minn., for debtor.

## MEMORANDUM ORDER AUTHORIZING EMPLOYMENT OF PROFESSIONAL PERSONS

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 13th day of November, 1990 on applications of the debtor in possession (the "Debtor") un-

---

**6.** In light of this outcome, the remaining argu-  ments of the parties need not be reached.

der 11 U.S.C. § 327(a) for orders authorizing it to employ Michael LeBaron and Larkin, Hoffman, Daly & Lindgren, Ltd. as its attorneys and Buane Dosen & Co. as its accountants. The United States Trustee had filed a letter on November 5, 1990 indicating that he would not recommend approval of such employment. The appearances were as follows: Andrew Schmid for the United States Trustee; and Michael LeBaron for the Debtor. This Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103. Moreover, this Court may hear and finally adjudicate this application because its subject matter renders such adjudication a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

■■■ The United States Trustee refused to recommend approval of employment because the terms under which the attorneys and accountants would be employed provided that the prepetition retainers they had received would not be used to pay approved fees until the final fee applications and that all interim fees approved would be paid from operating cash. The United States Trustee asserts that such "evergreen" retainers violate the intent of the Bankruptcy Code and are contrary to sound public policy. Under the circumstances of this case and the conditions I impose herein, I cannot agree with the United States Trustee's position.

Debtor operates a number of restaurants in the Twin Cities metropolitan area. At the hearing, Debtor's counsel attributed Debtor's financial difficulties to a few restaurant's with unfavorable lease arrangements. Counsel indicated that the drain these restaurants placed on Debtor's resources would be rectified either by renegotiating the leases or rejecting them. In either event, Debtor' counsel indicated that Debtor would propose a plan of reorganization within the exclusivity period.

Thus, the initial prospects for swift confirmation of a plan of reorganization are favorable. If they were not, I could not approve employment under the terms proposed by the attorneys and accountants.

But since prospects do appear favorable, the potential negative consequences of the proposed terms of employment, as outlined by the United States Trustee, would be diminished by their lower probability of occurrence.

The United States Trustee argues that these potentially negative consequences are sufficiently onerous to warrant the adoption of a rule prohibiting "evergreen" retainers per se. I do not agree. Such retainers are common outside the context of bankruptcy, and therefore they should not be prohibited per se in bankruptcy cases without strong justification.

The United States Trustee first contends that an "evergreen" retainer would remove the financial risk necessary to induce debtors' attorneys to pursue swift resolution of Chapter 11 cases. Admittedly, the attorneys' financial risk must be reduced somewhat by "evergreen" retainers, since otherwise attorneys would not exact such terms of employment. Debtors' attorneys, however, experience financial risk even with an "evergreen" retainer, since they could be compelled to disgorge such retainers if in a particular case there were insufficient assets to pay all similarly-situated or superior administrative claimants. The risk of disgorgement should provide sufficient incentive to debtors' attorneys to pursue relatively expeditious resolution of Chapter 11 cases.

Placing greater financial risks on debtors' attorneys might encourage swifter resolution of cases, but it would also drive away attorneys who debtors might wish to employ. Moreover, it would be inappropriate for this Court to adopt a rule regarding terms of employment that would impose such grave financial risks upon debtors' attorneys that they might be encouraged to pursue hasty resolution of Chapter 11 cases even where doing so would be contrary to the interests of their clients. In the instant case, under the conditions imposed herein, the proper balance between the interest of encouraging expeditious resolution of the case and the interest of permitting Debtor to retain skilled and loyal counsel of its choice is achieved by autho-

rizing the attorneys and accountants to be employed with the "evergreen" retainers.

Second, the United States Trustee contends that "evergreen" retainers would grant the holders of such retainers a superior position *vis-a-vis* other administrative claimants contrary to the policy of equal treatment of administrative claimants embodied in the Bankruptcy Code. The Code, however, only provides that administrative claimants should be receive *pro rata* payment of their claims. 11 U.S.C. § 726(b). An "evergreen" retainer would not preclude such *pro rata* payment, since the holder of such a retainer could be compelled to disgorge it. Consequently, an "evergreen" retainer held by a single administrative claimant might be of benefit to all administrative claimants, since the retainer would constitute a cash reserve, safe from the claims of secured creditors should the case be converted, in which all administrative claimants could share.

Third, the United States Trustee contends that "evergreen" retainers would place an unwarranted drain on debtors' operating cash. Quite the opposite is true.

If "evergreen" retainers are forbidden *per se*, one of two negative consequences could result. Debtors' attorneys who were not permitted to take "evergreen" retainers would demand larger traditional retainers, since such larger retainers would provide protection later into the case as "evergreen" retainers are designed to do. Obviously, the taking of larger traditional retainers would divert more cash from debtors than smaller "evergreen" retainers— the first negative consequence. If, however, certain debtors do not have sufficient cash for larger traditional retainers, such debtors may be unable to secure the employment of the attorneys they would have otherwise employed—the second negative consequence.

Denial of a debtor's choice of counsel is itself a significant, negative outcome, since it diminishes the faith of all potential debtors' and of citizens in general in the fairness of our nation's bankruptcy system. Moreover, in certain instances debtors may be forced to employ less experienced, less skilled attorneys, whose poor performance could place the debtors' financial health at greater risk than any "evergreen" retainer.

Fourth, the United States Trustee asserts that the unattractive disgorgement process should be avoided at all costs. I agree that the prospect of disgorgement is unattractive. In the instant case, however, that prospect appears remote. If the initial prospects for swift confirmation of a plan of reorganization were not favorable in this case, the potential for unpleasant disgorgement proceedings would be sufficient to warrant denial of employment with an "evergreen" retainer.

Fifth, the United States Trustee raises the specter of a flood of applications to authorize employment under terms providing for "evergreen" retainers. Admittedly, the rule of case-by-case evaluation I have adopted herein may result in the United States Trustee and this Court being inundated with such applications and contested proceedings regarding them. Administrative convenience, however, is not a sufficient interest to justify denying a debtor its choice of counsel, which in some cases would inappropriately result if a *per se* prohibition were adopted.

Finally, the United States Trustee contends that an "evergreen" retainer is such a drastic measure that it should only be approved if it is sought as a postpetition retainer under 11 U.S.C. § 363, or in the alternative, debtors' attorneys should seek to shorten the period between fee applications under 11 U.S.C. § 331 in order to protect against nonpayment of their fees. These remedies, however, can be obtained so rarely that they do not constitute genuine alternatives to prepetition "evergreen" retainers.

Nonetheless, I am persuaded that creditors and other parties in interest should have an opportunity to object to such an employment arrangement. Consequently, in the instant case, I will not permit Debtor's attorneys and accountants to retain the proposed retainers unless certain conditions are met.

ACCORDINGLY, IT IS HEREBY ORDERED:

842

1. Debtor's application seeking authorization to employ Michael B. LeBaron, Esq. and Larkin, Hoffman, Daly & Lindgren, Ltd. as attorneys for the Debtor pursuant to and upon the conditions outlined in said application and the accompanying affidavit of Michael B. LeBaron, Esq. is granted, and such employment is authorized, subject to the condition provided in paragraph 3 of this Order;

2. Debtor's application seeking authorization to employ the accounting firm of Buane Dosen & Co. as certified public accountants for the Debtor pursuant to and upon the conditions outlined in said application and the accompanying affidavit of David J. Buane is granted, and such employment is authorized, subject to the condition provided in paragraph 3 of this Order;

3. For so long as Larkin, Hoffman, Daly & Lindgren, Ltd. and/or Buane Dosen & Co. continue to hold a retainer or retainers pursuant to the terms of the applications for their employment, said entity or entities shall apply for interim compensation under 11 U.S.C. § 331 every 120 days after the order for relief in this case;

4. In conjunction with the hearing on all such applications for interim compensation beginning with the second such application or applications, any party in interest, including the United States Trustee, may object under 11 U.S.C. § 328(a) to the continued holding of said retainer or retainers on the grounds that such terms of employment have proven to be improvident.