In re Ferris J. ALEXANDER,
Sr., Debtor.

Bankruptcy No. 4-90-6274.

United States Bankruptcy Court,
D. Minnesota.

July 24, 1991.

Malin D. Greenberg, St. Louis Park, Minn., for debtor.

James E. Ramette, Chanhassen, Minn., trustee.

### MEMORANDUM ORDER DENYING TRUSTEE'S MOTION TO EMPLOY REALTOR

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 26th day of June, 1991 on the Trustee's motion to approve his application to employ a realtor over the objection of the United States Trustee. The appearances were as follows: James Ramette, the Trustee, *in propria persona;* and Mark Weber, the Assistant United States Trustee, *in propria persona.* This Court has jurisdiction over the parties to and the subject matter of this case pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103. Moreover, this Court may hear and finally adjudicate this application because its subject matter renders such adjudication a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### THE PARTIES' POSITIONS

The Trustee submitted an application to employ Mel Saterbak's office of Counselor Realty, Inc. to assist the trustee in disposing of the estate's several real property assets. Appended to the application was a disclosure advising the United States Trustee of the following:

Shirley A. Ramette, the wife of Trustee James E. Ramette, is a licensed sales agent with Counselor Realty, Inc. and is one of five assistants of Mel Saterbak. It is expected that Shirley Ramette will be used by Mr. Saterbak on each property to be listed and sold under this Application For Employment and that she will receive, as the listing and/or sales agent, a portion of the 10% or 7% commission, whichever applies, which is to be paid to Counselor Realty, Inc. for services rendered.

The compensation agreement which Shirley Ramette has with Counselor Realty is as stated on the attached Exhibit C. This is the same compensation agreement which is in effect for each of Mr. Saterbak's other assistants and, upon information and belief, is virtually the same compensation agreement as is the standard for the industry in this area and as is used by Burnet Realty, Inc. and Edina Realty, Inc.

The United States Trustee refused to recommend the proposed employment, and the instant motion ensued.

■ The United States Trustee asserts that the Trustee's employment of his wife would be the equivalent of hiring himself as a realtor, which the Code prohibits:

The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

11 U.S.C. § 327(d). Section 327(d) does not explicitly permit the employment of "appraisers, auctioneers, or other professionals," as section 327(a) permits. 11 U.S.C. § 327(a). I concur with other courts which have held that this omission of permissive language in section 327(d) must be interpreted to prohibit a trustee from employing himself or herself in any capacity other than as an attorney or accountant. *See, e.g., In re Continental Nut Co.,* 44 B.R. 48 (Bktcy.E.D.Cal.1984). Consequently, if I agree with the United States Trustee that employing one's spouse is the equivalent of employing oneself, then a trustee will be prohibited *per se* from employing his or her spouse in any capacity other than as an attorney or accountant.[1]

The Trustee responds that section 327(d) does not explicitly prohibit a trustee from employing his or her spouse in any capacity permitted by section 327(a). Section 327(d) is thus ambiguous. For guidance in construing section 327(d), the Trustee points to the language of newly adopted Bankruptcy Rule 5002, which will become effective on August 1, 1991:

The employment of an individual as attorney, accountant, appraiser, auctioneer, or other professional person pursuant to §§ 327, 1103, or 1114 may be approved by the court if the individual is a relative of the United States trustee in the region in which the case is pending, unless the court finds that the relationship with the United States trustee renders the employment improper under the circumstances of the case.

The Trustee reasons that if a court may approve the employment of a relative of the United States Trustee, who is charged with reviewing trustees' decisions regarding employment of professional persons, then the court should be permitted to approve the employment of a trustee's relative.

## CONSTRUCTION OF SECTION 327(d)

A number of courts have addressed section 327(d) in the context of employment of the trustee's law firm as attorney for the estate. *See, e.g., In re Butler Indus., Inc.,* 114 B.R. 695 (C.D.Cal.1990); *In re Gem Tire & Serv. Co.,* 117 B.R. 874 (Bktcy. S.D.Tex.1990). These courts have held that the "best interest of the estate" provision of section 327(d) requires a trustee to show "cause" for employing the trustee's law firm rather than some other attorney or firm:

Therefore, this Court holds that when a trustee seeks to employ his own law firm to perform services for a trustee or the estate, the best interest of the estate test of § 327(d) must be clearly demonstrated in the application. In other words, trustees must explain in sufficient detail the facts of the particular case so that the court can conclude that the proposed employment is in the best interest of the estate.

*In re Gem Tire & Serv. Co.,* 117 B.R. at 878. Section 327(d) permits the trustee to employ himself or herself or his or her law firm as the estate's attorney, but it also requires the trustee to demonstrate that such employment is in the "best interest of the estate" because of the conflict of interest such employment potentially engenders:

A trustee's acts are governed by the fact that he holds a fiduciary obligation to the debtor's estate and its creditors and therefore cannot place himself in a position which would give the appearance of impropriety or be a conflict of interest.

*Id.* at 877.

■ The Code does not explicitly address the employment of a trustee's spouse as a realtor. Section 327(d), however, can be

---

**1.** I do not interpret the United States Trustee's position to extend to "relatives" of a trustee other than his or her spouse.

applied by analogy. A potential conflict of interest exists either where the trustee employs himself or herself as an attorney or where the trustee employs his or her spouse as a realtor, yet the Code forbids neither practice. Therefore, a trustee should be permitted to employ his or her spouse as a realtor provided that the trustee demonstrates that such employment is in the best interest of the estate. If such a showing is made, any appearance of impropriety will be dissipated.

▪ I do not agree with the United States Trustee's assertion that employment of a trustee's spouse as a realtor is the equivalent of the trustee employing himself or herself in that capacity. First, the Code is silent on this issue. Section 327(d) does not explicitly address the issue, and therefore it is ambiguous. Second, Congress has adopted a permissive rule regarding the employment of relatives of the United States Trustee. *See* Bankruptcy Rule 5002 (effective August 1, 1991). The United States Trustee has identified no relevant legislative history, related Code section or other Bankruptcy Rule supporting a contrary result where the professional person is a spouse or other relative of a trustee rather than the United States. Consequently, I must conclude that interpreting section 327(d) not to prohibit a trustee from employing his or her spouse as a realtor is consistent with the intent of Congress.

The United States Trustee cites as authority for its position an unpublished district court decision holding that section 327(d) prohibits a trustee from employing a corporation he or she wholly owns to perform engineering, appraisal, and management consultant services for the estate. *Assistant United States Trustee v. John Galt, Ltd. (In re John Galt, Ltd.)*, Civ. No. 3:88–1616 (S.D.W.Va.1989). Without discussion, the *John Galt* court equated the trustee's employment of his corporation

with employing himself, a conclusion with which I agree completely. But I do not accept the United States Trustee's attempt to equate a trustee's wholly owned corporation with a trustee's spouse. A trustee does not own his or her spouse, is not entitled to control the spouse's performance of professional services, and is not entitled to receive any portion of the payment the spouse receives for such services. Although the fact that spouses frequently share income is sufficient to raise a potential conflict of interest, it does not create an ownership relationship mandating a *per se* prohibition under the reasoning of the *John Galt* case.

▪ Moreover, I believe it would not be a wise policy decision to adopt a *per se* rule prohibiting such employment.[2] A trustee must demonstrate the necessity of employing any professional person, regardless of whether that person is the trustee's spouse. Once it has been established that the employment of a professional person is necessary,[3] it would be unfair to the trustee and his or her spouse to prohibit the trustee from considering employment of the spouse. Trustees are already undercompensated for their services. *In re Gem Tire & Service Co.*, 117 B.R. at 876 n. 1. Adopting a *per se* rule would deprive the spouse of business that he or she might otherwise garner if the trustee in the case were not his or her spouse. Thus, a *per se* rule would further discourage skilled and dedicated people whose spouses are realtors or similar professionals from serving as trustees.

### APPLICATION OF "BEST INTEREST" TEST

▪ In order to employ his or her spouse as a realtor, a trustee's application regarding such employment must show "with sufficiently detailed factual explanation" that

---

**2.** Where there is no statute or rule explicitly mandating a *per se* rule, I am reluctant to adopt one. For instance, I have refused to adopt a *per se* rule prohibiting the employment of counsel for a debtor in possession where an "evergreen" retainer is a term of such employment. *In re Benjamin's–Arnolds, Inc.*, 123 B.R. 839 (Bktcy.

D.Minn.1990). *Contra In re Fitzsimmons Trucking, Inc.*, 124 B.R. 556 (Bktcy.D.Minn.1991).

**3.** In the instant case, the United States Trustee does not dispute the necessity of employing a realtor to liquidate the estate's real property assets.

such employment would be in the best interest of the estate.[4] *Id.* at 879. To establish this, the trustee must demonstrate the following regarding the spouse's employment:

> 1) the spouse is at least as competent and experienced as other realtors in the local market;
>
> 2) the spouse will be compensated at a rate in line with that received by comparably experienced realtors in the local market; and
>
> 3) the spouse has not been employed in a disproportionate number of cases administered by the trustee.

In the instant case, the Trustee has made such a showing in the application to employ his spouse. Furthermore, the United States Trustee has not attempted to rebut the Trustee's showing by demonstrating anything improper about this particular employment arrangement.

In the cases addressing employment of a trustee's law firm, the courts have required the trustee to show special circumstances for such employment, *i.e.*, that the trustee's law firm could do the work better or cheaper than another firm. This requirement appears to be a product of the general inability of courts, and of society in general, to compare the quality and cost of legal work performed by different firms. Comparing realtors, however, is relatively easy: what commission does each charge, and does each have some experience with selling the type of properties to be liquidated? Moreover, if the end is not achieved, the realtor will not be paid. *Cf. In re Butler Indus., Inc.*, 114 B.R. at 699 n. 1 (trustee employing own law firm appropriate where estate's assets are principally preference and fraudulent conveyance actions and legal counsel's fees would be paid from any recovery). Therefore, I conclude that the trustee need not demonstrate that the estate will get a *better* deal if his or her spouse is employed rather than another realtor.

The cases addressing employment of a trustee's law firm establish one additional requirement for approving such employment: a hearing after notice to all creditors and other parties in interest. *In re Gem Tire & Serv. Co.*, 117 B.R. at 880. I conclude that such notice is necessary where a trustee proposes to employ his or her spouse as a realtor or similar professional. In the instant case, however, only the United States Trustee received notice of the hearing on the Trustee's motion. Consequently, I must deny the Trustee's motion as being procedurally defective. But the denial will be without prejudice, since the Trustee did not know that such notice would be required.

ACCORDINGLY, IT IS HEREBY ORDERED that the Trustee's motion to approve his application to employ a realtor is denied without prejudice.

---

**4.** Of course, a trustee must also demonstrate that the employment of a realtor is necessary. As mentioned above, the United States Trustee does not dispute that the Trustee has made such a showing in the instant case.