**In re LJP, INC. d/b/a Royal Crown Bottlers of S. Florida, Inc., Debtor.**

**William ROEMELMEYER, Trustee, Plaintiff,**

v.

**ROYAL CROWN BOTTLING CO. OF FLORIDA, Defendant.**

Bankruptcy No. 82–01253–BKC–TCB.

Adv. No. 83–0752–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 7, 1983.

David Rogero, Miami, Fla., for defendant.

Barry H. Dubner, Miami, Fla., for plaintiff.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The issue here is whether a security interest is perfected under Florida law by recordation before documentary stamps are purchased and placed on the document. I hold that it is.

The trustee seeks the avoidance of a security agreement in the amount of $813,012 as voidable preference under § 547 because defendant did not place documentary stamps on the promissory note until April 8, 1982, which was within 90 days of bankruptcy. Defendant has answered. The matter was tried on October 6. The facts are stipulated.

It is conceded that if this lien was not perfected more than 90 days before bankruptcy, it is a voidable preference under § 547(a). It is undisputed that the security agreement was recorded with the Secretary of State on February 11, 1982, more than 90 days before June 30, 1982, the date of bankruptcy. Fla.Stat. § 201.01, which imposes an excise tax on documents, provides in part that:

"The documentary stamp taxes required under this chapter shall be affixed to and placed on all recordable instruments requiring documentary stamps according to law, *prior to recordation*."

Notwithstanding that provision, defendant recorded the note in question here with the Secretary of State, the appropriate office, and that office accepted the document without the required documentary stamps. It is conceded that the document was subject to the stamp tax. The tax was subsequently paid and the stamps were affixed to the document before bankruptcy but within the 90 day interval before bankruptcy.

There is no provision in the Florida Statute nor is there any reported Florida decision indicating that the failure to comply with the documentary stamp tax statute nullifies the effect of recordation. The penalty prescribed by Florida for failure to pay this tax is payment of the tax, together with a specified penalty or conviction and punishment as a misdemeanor of the second degree. § 201.17. Statutes imposing taxes must be construed strictly in favor of the taxpayer. There is no basis to conclude that defendant's failure to pay the tax before recordation nullified the effect of the recordation. Fla.Stat. § 679.403(1) provides to the contrary:

"Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer and recording in compliance with § 679.4011, where required, constitutes filing under this chapter."

It is clear to me that the U.C.C. perfection of defendant's security interest occurred on February 11, 1982, when the document was accepted for recordation.

In *Kotzen v. Levine*, 678 F.2d 140, 141 (11th Cir.1982) the court affirmed the dismissal without prejudice on a motion for a directed verdict of an action on promissory notes because the documentary stamp tax had not been paid on the notes. The court's discussion is confined to whether the dis-

missal was properly without prejudice. The court held that it was where the case was dismissed "because of a technical failure of proof." The district court based dismissal on Fla.Stat. § 201.08. In the matter before me, we are not concerned with the time when the note held by defendant became enforceable but only with the date that it became perfected.

I have not overlooked the directly contrary conclusion reached by my colleague, Judge Gassen, in *Matter of Sel-O-Rak Corp.*, 26 B.R. 223 (Bkrtcy.S.D.Fla.1982). That decision was reversed by the district court on September 2, 1983, in an as yet unpublished memorandum opinion.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.