## In re CONTINENTAL NUT COMPANY, a California Corporation, Debtor.

### Bankruptcy No. BK–S–284–00104–W–11.

United States Bankruptcy Court,
E.D. California.

Oct. 5, 1984.

William Nolan, Desmond, Miller, Desmond & Bartholomew, Sacramento, Cal., for trustee.

## ORDER DENYING APPLICATION BY TRUSTEE FOR APPROVAL OF HIS EMPLOYMENT OF REAL ESTATE APPRAISER, ACCOUNTANT AND REAL ESTATE BROKER

ROBERT E. WOODWARD, Chief Judge.

A non-specific application was filed by Mr. Frank La Bella, heretofore appointed trustee in the above-entitled case, for approval of his employment of Frank La Bella, Inc., as appraiser, as real estate broker and as CPA for the estate.

The application indicates that Frank La Bella, Inc. will charge $100.00 per hour for all appraising and accounting work performed by Frank La Bella.

The Bankruptcy Code and Rules define the duties of the trustee and contemplate handling of the case at the statutory fee. [See Section 704 of the Bankruptcy Code and Rule 2015 of the Rules of Bankruptcy Procedure]

It has always been contemplated that the appointment of professional persons for the trustee may be made only on application and showing of the specific facts making necessary such employment. [See Bankruptcy Code 327 and Rule 2014 of the Rules of Bankruptcy Procedure]

Section 327[d] of the Bankruptcy Code gives the Court discretion to authorize a trustee to act as attorney or accountant if it appears in the best interest of the estate. By inference, the trustee should not be appointed as a professional for other endeavors.

Most activities that the trustee must do to seek out and recover the assets of the estate can be pursued in his own name without the necessity of seeking the appointment of professionals. [See *In re Toliver,* 26 B.R. 103]

It is axiomatic that a bankruptcy estate must be administered in such a manner as to preclude even the appearance of a possible conflict of interest or impropriety.

The appointment of professionals to assist a trustee in his duties obviously is for the purpose of protecting the estate by providing him with impartial advice that would tend to make those dealing with the estate confident that the trustee is acting knowledgeably and properly and in the best interest of the estate.

While it might be more expeditious to provide a trustee all the professional hats possibly required to administer the estate, the appearance is present that the trustee is all things to himself with no checks or balances and without the necessary showing of need.

Congress and the Supreme Court have indicated for decades that the cost of administering a bankruptcy estate must be continually scrutinized and kept as low as possible consistent with necessary expenditures. The requirement that applications for the use of professionals must be made,

that there must be a showing with specificity that the services are necessary, and that the fees are reasonable and proper indicates that a request such as contained in the trustee's application herein for a blanket appointment is not proper. Additionally, blanket authorization of professionals by a trustee could lead to abuse and unnecessary expense to the estate if such routine applications were granted.

The mere fact that the trustee is also incorporated would not remove a possible taint since he would obviously be the alter ego of the corporate entity.

IT IS THEREFORE ORDERED that the Application of the trustee for appointment of Frank La Bella, Inc. to act as real estate appraiser and real estate broker be, and the same is, hereby denied.

IT IS FURTHER ORDERED that the blanket application of the trustee to have Frank La Bella, Inc. appointed accountant (C.P.A.) for the estate is hereby denied as there is no showing of necessity for such employment at this time.