PER CURIAM:
 

 The question presented in this appeal is whether under Florida law the filing of a financing statement perfects a security interest even though documentary tax stamps have not been placed on the security agreement and loan documents covered by the financing statement. The district court determined that the security interest is perfected. We agree, and affirm.
 

 I.
 

 Associates Commercial Corporation (Associates) was the primary lender to Sel-O-Rak Corporation (Sel-O-Rak), providing both a line of credit and an equipment loan. Sel-O-Rak granted Associates a security interest in all of its accounts receivable, inventory, equipment, intangibles, and the proceeds thereof as security for these loans. Associates took all the steps necessary under Florida law to perfect the security interest, including proper recordation of a financing statement. It failed, however, to purchase the documentary stamps required for the loan documents and the security agreement.
 

 Sel-O-Rak filed for relief under Chapter 11 of the bankruptcy code, owing Associates approximately $1,600,000. Sel-O-Rak was named debtor-in-possession. Associates thereafter filed an adversary complaint in the bankruptcy court seeking to replevy all of the property secured as collateral for its loans. Associates sought relief from the automatic stay provisions of the bankruptcy code and enforcement of its rights as a secured creditor.
 

 Sel-O-Rak defended upon the ground that Associates was a general unsecured creditor. Sel-O-Rak claimed that Associates’ failure to purchase the documentary tax stamps on the underlying obligations of the security agreement, as required by Fla. Stat. § 201.08(1) (1983), prevented the filing of a valid Uniform Commercial Code (UCC) financing statement; therefore Associates’ security interest was unperfected.
 

 After Sel-O-Rak raised the issue, Associates purchased the required stamps. The bankruptcy court nonetheless ruled that Associates had no perfected security interest, good as against the debtor-in-possession, because the financing statement could not be validly filed until the tax was paid.
 

 Associates appealed, and the district court,
 
 Associate Commercial Corp. v. Sel-O-Rak Corp.,
 
 33 Bankr. 394, (S.D.Fla.1983), reversed the bankruptcy court,
 
 Associate Commercial Corp. v. Sel-O-Rak Corp.,
 
 26 Bankr. 223 (Bankr.S.D.Fla.1982), judgment, holding that Associates’ failure to purchase the necessary documentary tax stamps had not affected the validity of the lien perfection obtained by filing a financing statement. The district court ruled that failure timely to pay the tax meant only that the lien could not be enforced until the tax was paid. Sel-O-Rak challenges the district court’s decision in the present appeal.
 

 II.
 

 This case involves interpretation of two separate and distinct areas of the Florida Statutes: Secured Transactions under the Florida Uniform Commercial Code and the Documentary Stamp Act. Neither the case law nor the statutes directly address the operative relationship between the two sections. We briefly address both statutes to provide the framework within which to decide the case.
 

 
 *1443
 
 A.
 

 Article 9 of the Florida Uniform Commercial Code, Secured Transactions, Fla. Stat. Chapter 679 (1983), governs the creation and perfection of security interests. The introductory comment describes the chapter as “the first comprehensive treatment of the entire system of personal property security law. Its uncomplicated purpose is ‘to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and greater certainty.’ ” Florida Code Introductory Comments, Chapter 679 Fla.Stat. (1983), (citing Uniform Commercial Code Comment, § 9-101).
 

 Perfection, a term of art in UCC Article 9, describes a security interest in personal property which cannot be defeated by other general creditors or the bankruptcy trustee. Florida Code Comments, Fla.Stat. § 679.301 (1973). Under the Code, “[a] security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken. Such steps are specified in §§ 679.-302, 679.304-679.306.” Fla.Stat. § 679.303 (1983).
 

 Sel-O-Rak only disputes the adequacy of the financing statement filed by Associates. In this case, “[a] financing statement must be filed to perfect all security interests ....” Fla.Stat. § 679.302(1) (1983). Part IV of the Chapter governs the filing of financing statements:
 

 The filing of a writing ... under this chapter shall be complete and sufficient only if the writing is recorded in the office of the appropriate clerk of the circuit court.
 

 Fla.Stat. § 679.4011 (1983) (in pertinent part). Filing occurs upon “[presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer and recording in compliance with section 679.4011, where required .”
 
 [1]
 
 Fla.Stat. § 679.403(1) (1983). Chapter 679 makes no reference to documentary stamp taxes.
 

 B.
 

 Chapter 201, Florida Statutes (1983), provides for an excise tax on documents. The law requires that documentary stamp taxes “be affixed to and placed on all recordable instruments requiring documentary stamps according to law, prior to recordation.” Fla.Stat. § 201.01 (1983). The tax is owed on written obligations to pay money and security agreements. Fla.Stat. § 201.08(1) (1983). The statute further provides:
 

 The excise tax on documents provided by this chapter shall be applicable to transactions covered by the Uniform Commercial Code to the same extent that it would be if the code had not been enacted. The clerk or filing officer shall not accept for filing or filing and recording any financing statement under chapter 679, unless there appears thereon the notation that the stamps required by this chapter have been placed on the promissory instruments secured by said financing statement and will be placed on any additional promissory instruments, advances or similar instrument that may be secured by said financing statement.
 
 [2]
 
 The failure to pay the tax required by this chapter as so stated, shall be subject to the penalties provided by this chapter.
 

 Fla.Stat. § 201.22 (1983). The penalties set forth for failure to pay the applicable documentary stamp tax include: criminal liability for commission of second degree misdemeanor; payment of tax not paid; payment of penalty to department of revenue in the amount of 25% of the tax not paid, in the absence of fraud, and 100% of the tax not paid if fraud is involved; and payment of interest at a specified rate. Fla.Stat.
 
 *1444
 
 § 201.17 (1983). In addition, all other revenue laws are expressly made applicable to this chapter for the purpose of collecting unpaid stamp taxes. Fla.Stat. § 201.16 (1983). The statute does not explicitly provide that failure to affix documentary stamps to promissory instruments prevents either the valid filing of a financing statement or perfection of a security interest.
 

 III.
 

 Sel-O-Rak contends that the legislature intended to compel compliance with the documentary excise tax by withholding perfection of a lien until the tax is paid. Accordingly, the financing statement is a nullity until payment of the tax. We reject this argument for the following reasons.
 

 Article 9 of the Florida UCC represents a unified and comprehensive approach to secured transactions. Certainty in secured financing transactions is one goal of Article 9. Associates complied with all the requirements set forth in that chapter for perfection. Article 9 never mentions documentary stamp obligations. Sel-O-Rak’s argument, therefore, does violence to the specific language and the purpose of Article 9.
 
 In re LJP, Inc., Roemelmeyer v. Royal Crown Bottling Co.,
 
 34 B.R. 39, 40 (Bankr.S.D.Fl.1983).
 

 Chapter 201, Florida Statutes clearly prescribes the penalties for failure to pay the documentary stamp tax. Furthermore, other revenue laws are explicitly made applicable for the purpose of collecting the tax. By providing certain penalties for failure to pay the excise tax, the legislature probably intended all other statutes to be extraneous for enforcement purposes. Frequently the enumeration of specific items by the legislature implies the exclusion of all others,
 
 expressio unius est ex-clusio alterius. Thayer v. State,
 
 335 So.2d 815, 817 (Fla.1976).
 

 Furthermore, Florida law provides that tax statutes are to be construed strongly in favor of the taxpayer and against the government.”
 
 State Department of Revenue v. Peterson Outdoor Advertising Co.,
 
 296 So.2d 120 (Fla.Dist.Ct.App.1974); Accord,
 
 State ex rel. Independent Life & Acc. Ins. Co. v. Dickinson,
 
 212 So.2d 293 (Fla.1968). Florida courts resolve all doubts and ambiguities in favor of the taxpayer.
 
 Id.
 

 Absent a clearer indication of legislative intent, we will not construe the tax statute to provide another, unexpected penalty. Instead, we follow the clear command of Article 9, Florida Uniform Commercial Code. Accordingly, perfection of Associates’ security interest occurred when the financing statement was accepted for rec-ordation.
 
 [3]
 

 AFFIRMED.
 

 [1]
 

 . Associates fully complied with the Chapter 679 requirements for filing a financing statement. Sel-O-Rak only challenges the efficacy of the filing because of Associates’ failure to pay the documentary stamp tax on the underlying obligations.
 

 [2]
 

 . Associates' financing statement contained this notation. The financing statement was accepted by the clerk, along with the filing fee, and recorded in the official registry.
 

 [3]
 

 . We recognize that other courts have decided similar issues differently.
 
 American City Bank v. Western Auto Supply,
 
 631 S.W.2d 410, 422-23 (Tenn.Ct.App.1981);
 
 In re Ken Gardner Ford Sales, Inc.,
 
 23 B.R. 743 (E.D.Tenn.1982). They held that the public policy for punishing wrongdoers and collection of the tax require such measures. We believe, however, that such a severe intrusion into the operation of UCC Article 9 cannot be justified absent specific legislative authorization.