The **ASSISTANT UNITED STATES TRUSTEE, Appellant,**

v.

**JOHN GALT, LTD., Appellee.**

**In re JOHN GALT, LTD., Debtor.**

**Civ. A. No. 3:88–1616.**
**Bankruptcy No. 87–30237.**

United States District Court,
S.D. West Virginia,
at Huntington.

June 27, 1989.

John J. Nesius, Charleston, W. Va., for appellant.

Thomas B. Bennett, Charleston, W. Va., for Bank of Man.

A. David Abrams, for trustee.

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

The issues presented by this appeal from the decision of the bankruptcy court are: (1) whether a trustee can be employed by the estate under 11 U.S.C.A. § 327 (West 1979 & Supp.1989) as a professional person other than an attorney or an accountant; and (2) whether the bankruptcy court erred by allowing the trustee to hire himself, i.e., his wholly owned corporation, as a professional person for the estate and to waive his trustee fees payable under 11 U.S.C.A. § 326 (West 1979 & Supp.1989) in return for that corporation's charging the estate $100 per hour for its services as such professional person. The bankruptcy court allowed the trustee to hire his wholly owned corporation to serve as an engineer, appraiser, and management consultant for the estate and to charge the estate $100 per hour for its services. The trustee offered to, and did, waive his trustee fees in return for being allowed to hire his corporation to assist the estate. This court believes the bankruptcy court erred and reverses.

The question of whether a trustee may hire himself to assist the estate in a capacity other than that of an accountant or an attorney apparently is a novel one. Counsel for the parties have cited only one case, *In re Continental Nut Co.*, 44 B.R. 48 (Bankr.E.D.Cal.1984), in which the issue was even discussed. In its research, this court has found no other cases on point or any analogous authority.

Title 11 U.S.C.A. § 327(a) (West 1979) allows "the trustee, with the court's approval, [to] employ one or more attorneys, accountants, appraisers, auctioneer, or other professional persons ... to represent or assist the trustee in carrying out [his] duties." Subsection (d) of that statute allows the bankruptcy court to "authorize the trustee [himself] to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." 11 U.S.C.A. § 327(d) (West 1979). The bone of contention between the parties here is whether subsection (d)'s enumeration of activities is an express limitation of other roles the trustee may perform for the estate or merely a statement of the most common examples of the roles set out in § 327(a) that he may perform. The bankruptcy court implicitly held in favor of the latter. Such a finding of law is subject to *de novo* determination by this court. *In re Stenersen Corp.*, 61 B.R. 702, 705 (D.Md. 1986); *In re First Federal Corp.*, 42 B.R. 682, 683 (W.D.Va.1984).

There is little outside the bare words of the statute to aid the court's analysis. In enacting subsection (a) of § 327, Congress gave the trustee rather broad authority to hire professional persons to assist him. In enacting subsection (d) thereof, Congress specifically set out two limited categories, i.e., attorney or accountant, in which the trustee could in effect hire himself. The court believes that effect must be given to that specific enumeration made by Congress in subsection (d). The court believes the principle of interpretation *expressio unius est exclusio alterius*—the mention of one thing implies the exclusion of another—is particularly applicable here in the light of the language of subsection (a) visavis that of subsection (d) of § 327. Had Congress intended the language of subsection (d) to allow the trustee to act as professional persons other than attorneys or accountants, it could have easily done so by causing subsection (d) to provide "the court may authorize the trustee to act as attorney, accountant, ap-

praiser, auctioneer, or other professional person for the estate," as it in substance provided in subsection (a), but Congress did see fit to do so, and rather limited the authorization in subsection (d) to attorneys and accountants. The court does not think it should assume that Congress had no purpose behind the use of the words "accountant" and "attorney," without more, in subsection (d) when to do so would negate the apparent intent of Congress. Therefore, this court holds that a bankruptcy court may not authorize a trustee to act on behalf of the estate or employ himself or his wholly owned corporation to act in any capacities other than those of an attorney or accountant.

Normally the above holding would not require this court to decide the second issue above posed. However, in the event this court's holding on the first issue is set aside upon appeal, the court will decide the second issue to eliminate the possibility of multiple appeals here.

The second issue is, assuming that the bankruptcy court was correct in allowing the trustee to act as a professional person for the estate, did it err by allowing him to waive his trustee fee and authorize him to charge the estate $100 per hour for the services of his corporation, it acting as a professional person? Since this was a discretionary act by the bankruptcy court, this court can reverse only if there was plain error or abuse of discretion. *In re Hawley Coal Mining Corp.*, 47 B.R. 392, 394 (S.D.W.Va.1984).

Title 11 U.S.C.A. § 326 (West 1979 & Supp.1989) sets out the limitations on compensation that may be paid to a trustee. Section 328(a) (West Supp.1989) allows a professional person hired by the estate to be paid on an hourly basis. However, subsection (b) thereof, which applies when a trustee is acting for the estate in a capacity as attorney or accountant pursuant to 11 U.S.C.A. § 327(d), allows the trustee to be paid only for services rendered in that capacity. It specifically prohibits him from being paid for performing any of a trustee's duties. The cases establish that a person hired as a professional person to assist the trustee may not perform any of the duties of the trustee and cannot be reimbursed for time spent performing any of the responsibilities of the trustee. *E.g.*, *In re King*, 88 B.R. 768, 770 & 771 n. 3 (Bankr.E.D.Va.1988); *In re Wildman*, 72 B.R. 700, 706 (Bankr.N.D.Ill.1987); *In re Minton Group, Inc.*, 33 B.R. 38, 40 (Bankr. S.D.N.Y.1983); *In re Impact Publications, Inc.*, 24 B.R. 980, 982 (Bankr.N.D.Tex. 1982). The maximum amount that a trustee may be paid is established by § 326. *In re Lowry Graphics, Inc.*, 86 B.R. 74, 80 (Bankr.S.D.Tex.1988).

Here, the bankruptcy court does not make it clear that the trustee's corporation, in its capacity as a professional person assisting the trustee, would not be performing all, many, or some of the duties and responsibilities of the trustee. If he were performing such duties in his capacity as a § 327(a) professional person and were being reimbursed at his hourly rate, his remuneration might exceed the limits of compensation payable to a trustee as set forth in § 326(a). In this court's view the arrangement approved by the bankruptcy court here, without any safeguards on how the trustee charges the time spent by his corporation, has the potential for violating the intent and purpose of sections 326(a) and 328(b), and constituted an abuse of discretion by that court.

For the reasons stated herein, it is ORDERED that the appeal of the Assistant United States Trustee from the November 17, 1988 order of the Bankruptcy Court of the Southern District of West Virginia be, and the same hereby is, SUSTAINED and GRANTED. It is ordered that said ruling of the Bankruptcy Court be, and the same hereby is, REVERSED. It is further ORDERED that this matter be REMANDED to the Bankruptcy Court for further action consistent with this opinion.

The Clerk of this court is directed to mail a certified copy of this Order to the Clerk of the Bankruptcy Court for this district and to all counsel of record.