**In the Matter of K & L INCORPORATED, Debtor.**

**Bankruptcy No. BK90–40895.**

United States Bankruptcy Court, D. Nebraska.

Sept. 30, 1991.

Victor E. Covalt, III, Lincoln, NE, for Trustee.

Eugene Chamberlain, Trustee, Tekamah, NE.

Jerry Jenson, Asst. U.S. Trustee, Omaha, NE.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This is a Chapter 11 case in which a trustee was appointed. The trustee requests interim compensation at an hourly rate of $75.00 for a total of $14,275.00. The United States Trustee objects asserting that under § 326(a) a Chapter 11 trustee may *only* be compensated by the payment of a statutory percentage fee. I conclude that the objection should be sustained.

■ Compensation for performing trustee duties is limited to a statutory percentage fee by 11 U.S.C. § 326(a). In a Chapter 11 case the court may allow:

> reasonable compensation under § 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

■ Although it is arguable that a trustee's compensation should not be limited to a percentage fee, the courts have no discretion on the issue because Congress has explicitly, unambiguously dealt with the question. Furthermore, the percentage fee limitation does make sense because it creates a disincentive for a trustee to permit a case to languish in Chapter 11. If a trustee concludes that there will be insufficient funds to make substantial payments to creditors and to adequately compensate the trustee, the case should be converted to Chapter 7 pursuant to 11 U.S.C. § 1112(b), for cause. Section 326(a) assures that the amount paid to creditors will not be diminished by Chapter 11 trustee fees in excess of the statutory percentage limitation applicable in a Chapter 7 case.

The trustee provided services as the operator manager of the business. The trustee, who is a licensed realtor, also provided services in the sale of real property. The trustee argues that the trustee's services have been of substantial benefit to the estate and that, therefore, the trustee should be paid an administrative expense claim in excess of the percentage fee allowed under § 326(a). The trustee argues that he could have applied to the court for leave to retain third parties to

operate the business and to sell the real property; that such third parties could have been paid for their professional services; and that the compensation of third parties would not be limited by § 326(a). The trustee concludes that it is appropriate to compensate the trustee in the same amount as third parties.

■ This argument is rhetorical and assumes facts not present in this case. If the trustee had decided to retain a third party as operator, manager or realtor, the trustee would have made an application to do so, the professionals could have been retained only after parties in interest had been given notice and opportunity to object, and an adverse relationship would have existed between the trustee and the third parties as to compensation. More relevant to the discussion of whether the trustee may be compensated other than under § 326(a) for services as operator, manager or realtor, is the question of whether the trustee, himself, could have been retained as an operator, manager or realtor. I conclude that if the trustee had asked the court to authorize the trustee to act as an operator, manager or realtor for the estate the application would have been denied. A trustee may only be authorized to act as an attorney or accountant, and then only if such authorization is in the best interest of the estate. 11 U.S.C. § 327(d). Under the Bankruptcy Act, there was uncertainty as to whether a trustee could retain his own law firm as attorneys for the trustee. 2 *Collier on Bankruptcy*, ¶ 327.03[1] at 327–19 (15th Edition 1991). This uncertainty was addressed by the Bankruptcy Code in 11 U.S.C. § 327(d), which empowers a court to authorize a trustee to act as his own attorney or accountant. In comparing § 327(d)'s specific identification of only attorneys and accountants to the lengthy enumeration in § 327(a) of types of professionals which a trustee is authorized to employ, it is clear that § 327(d) is intended as a limited grant of authority. There appears to be no authority under the Code or case law permitting the trustee to employ himself as operator or manager, and decisional law has declined to permit the trustee to employ himself as appraiser and real estate broker. *In re Conti-nental Nut Company,* 44 B.R. 48 (Bankr. E.D.Cal.1984).

Section 327(d) would be devoid of meaning if a trustee could, as a general proposition, retain himself as a professional to be compensated at hourly rates. For § 327(d) to have meaning, it must be viewed as a statutory exception to the general proposition that a trustee may not retain himself as a professional. Hence, 11 U.S.C. § 327(d) is an express limitation on when a trustee may employ himself as a professional and, as a matter of law, a bankruptcy trustee may not be authorized to employ himself to act in a capacity other than as an attorney or accountant.

■ Since the trustee could not retain himself as a professional to perform duties as operator, manager or appraiser, it necessarily follows that the trustee may not receive hourly compensation for such services. The trustee's exclusive source of compensation is pursuant to § 326(a).

I therefore conclude that the trustee's compensation is subject to the limitations of § 326(a).

The interim application by the trustee for allowance of compensation will be denied by separate order and the objection of the United States Trustee will be sustained.

## *ORDER*

For the reasons stated in the Memorandum of today's date,

IT IS ORDERED, that the Trustee's Interim Application for Allowance of Compensation for Trustee (Fil. # 74) is denied and the Objection by the United States Trustee (Fil. # 82) is sustained.