24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re the EQUITABLE CENTER, Debtor.
The EQUITABLE CENTER, Appellant,
v.
COMMERCIAL INVESTMENT PROPERTIES, INC.; Riddel, Williams,
Bullitt & Walkinshaw, Appellees.
 No. 92-36943.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1994.
Decided May 5, 1994.
 
 Before: WRIGHT, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Equitable Center (the "Debtor") appeals the order of the district court affirming the bankruptcy court's award of fees to Commercial Investment Properties, Inc. ("CIPI") and Riddell, Williams, Bullitt & Walkinshaw ("Riddell"). The Debtor contends that the fees awarded to CIPI are improper because CIPI may not receive multiple fees for its services to the Debtor as trustee and property manager. The Debtor further argues that the fees awarded to Riddell, attorneys for CIPI, should be reduced because they include compensation for work performed for CIPI apart from its role as trustee. Because we find that the bankruptcy court did not abuse its discretion in awarding fees to both CIPI and Riddell, we affirm the decision of the district court.
 
 
 3
 CIPI was recruited and appointed to serve as trustee for the Debtor, after Orville Cohen ("Cohen"), one of the Debtor's general partners, filed an involuntary bankruptcy petition against the Debtor. Riddell was authorized to serve as counsel for CIPI. Later, the bankruptcy court entered a stipulated order permitting the employment of CIPI as a property manager. The Debtor, Cohen, Secured Creditor Benjamin Franklin, and the United States Trustee all stipulated to CIPI's role as property manager and agreed that CIPI should act as both property manager and trustee and that they would pay CIPI for its services as property manager according to the fee schedule incorporated in the order.
 
 
 4
 After managing the Debtor's property for 20 months, CIPI applied for fees, requesting $81,900.16, calculated according to the maximum statutory rate allowed by 11 U.S.C. Sec. 326, for its services as trustee, and $33,195.01 as the balance due for its services as property manager. Riddell requested $21,118.68 as the balance due for its services performed for CIPI. After three hearings on the issue of fees, the bankruptcy court awarded to CIPI $40,000 for its role as trustee and $33,195.01 for its role as property manager, reducing the compensation for trustee's services that it found were encompassed by the fees for property management services. The court found Riddell's requested fees "excessive under the circumstances" and reduced the award to $16,118.68. The district court affirmed the bankruptcy court's awards.
 
 
 5
 The bankruptcy court did not abuse its discretion or erroneously apply the law in awarding fees to both CIPI and Riddell. See In re Riverside-Linden Inv. Co., 945 F.2d 320, 322 (9th Cir.1991) (bankruptcy court's award of fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law). As noted by the district court, the bankruptcy court carefully considered the Debtor and Cohen's objections to the requested fees and permitted compensation to CIPI only for "actual, necessary services," as allowed by 11 U.S.C. Sec. 330(a). In addition, the bankruptcy court scrutinized CIPI's fee request and found that CIPI performed some services uniquely in its capacity as trustee that did not duplicate work performed as property manager. The court, however, also found that CIPI billed for some services under its trustee fee for which it had already been compensated for as property manager; accordingly, the court reduced CIPI's award for trustee's fees by $41,900.16. This determination was clearly within the bankruptcy court's discretion and complied with 11 U.S.C. Sec. 328, which prohibits the trustee from receiving duplicative fees for services billed once as trustee fees and billed again as professional fees.
 
 
 6
 The bankruptcy court also did not abuse its discretion in awarding fees to Riddell. It carefully scrutinized Riddell's request and reduced the fee award by $5000 for services it found "excessive under the circumstances" because Riddell failed to adequately substantiate CIPI's initial fee request.
 
 
 7
 The Debtor also contends that the bankruptcy court erroneously applied the law when it awarded fees to CIPI for two separate roles--trustee and property manager. The Debtor relies on 11 U.S.C. Sec. 327(d) to argue that the court should only have allowed CIPI to receive fees up to the statutory cap allowed for trustees under 11 U.S.C. Sec. 326(a), because CIPI should not have been trustee and property manager. See 11 U.S.C. Sec. 327(d) ("The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.").
 
 
 8
 Based on the fact that Sec. 327(d) does not explicitly permit the employment of trustees as "appraisers, auctioneers, or other professional persons," as listed under Sec. 327(a), some courts have held that a trustee may not employ itself in any professional capacity other than "as attorney or accountant for the estate." See, e.g., In re Continental Nut Co., 44 B.R. 48, 49 (Bankr.E.D.Cal.1984) (finding that because Sec. 327(d) mentions "attorney" and "accountant," "[b]y inference, the trustee should not be appointed as a professional for other endeavors" and denying the trustee's application for his corporation to act as appraiser, real estate broker and CPA for the estate); In re Alexander, 129 B.R. 183, 185 (Bankr.D.Minn.1991) (citing Continental Nut and "concur[ring] with other courts which have held that this omission of permissive language in section 327(d) must be interpreted to prohibit a trustee from employing himself or herself in any capacity other than as an attorney or accountant"); In re Galt, 130 B.R. 464, 465-66 (Bankr.S.D.W.Va.1989) (holding that "a bankruptcy court may not authorize a trustee to act on behalf of the estate or employ himself or his wholly owned corporation to act in any capacities other than those of an attorney or accountant" and reversing the court's order allowing the trustee's corporation to serve as an engineer, appraiser, and management consultant for the estate).
 
 
 9
 However, other courts have held differently. See, e.g., In re Wilkinson, 106 B.R. 658, 660 (Bankr.D.Haw.1989) (stating that "[t]he Code does not prohibit the Trustee from serving in one of the other professional capacities enumerated in 11 U.S.C. Sec. 327(a) and being compensated independently for those professional services" and allowing the trustee to receive a commission for acting as a real estate broker). In York Int'l Bldg., Inc. v. Chaney, 527 F.2d 1061, 1069 (9th Cir.1975), we denied fees to the trustee because of his misrepresentations to the court, his failure to keep adequate records, and the evidence of duplicative billing; contrary to the Debtor's assertions, we did not establish a per se rule that a trustee cannot receive fees for serving in a professional capacity other than as an attorney or accountant.
 
 
 10
 Despite the ambiguity in the law and in Sec. 327, we need not decide this legal issue. In this case, the Debtor and Cohen voluntarily stipulated to CIPI's role as property manager and to the fee arrangement independent from its role as trustee. See United States v. McGregor, 529 F.2d 928, 931 (9th Cir.1976) ("Courts ... enforce stipulations as a general rule, absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement."). Thus, the court's appointment of CIPI as property manager was proper, see Bankr.R. 9019, and the Debtor cannot now object to the fees awarded to CIPI for performing its job.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3