**In re PALM COAST: MATANZA SHORES LIMITED PARTNERSHIP, a Connecticut Limited Partnership, Debtor.**

**UNITED STATES TRUSTEE, Appellant,**

v.

**Marvin J. BLOOM, Trustee, Appellee.**

**No. 95 Civ. 3592 (SAS).**

United States District Court,
S.D. New York.

Nov. 1, 1995.

Craig Evan Freeman, New York City, for appellant Arthur J. Gonzalez, U.S. Trustee.

Kenneth P. Silverman, Andrew S. Muller, Garden City, NY, for appellee Martin J. Bloom, Trustee.

Paul H. Silverman, Walter, Conston, Alexander & Green, New York City, for Matanza Shores Limited Property Owners' Ass'n, Inc.

*OPINION AND ORDER*

SCHEINDLIN, District Judge.

■ The United States trustee appeals a final order of the Bankruptcy Court dated April 17, 1995 authorizing a Chapter 11 Trustee (hereinafter "trustee") to retain, as real estate broker to the Debtor, a firm which currently employs the trustee. The sole issue before the Court is whether § 327(d) of the Bankruptcy Code implicitly precludes a Bankruptcy Court from authorizing the retention of the trustee's firm in a capacity other than attorney or accountant.[1] Because the issue presented raises a question of law, it is subject to *de novo* review by the Court. *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988–89 (2d Cir.1990).

I. *Facts*

Palm Coast: Matanza Shores Limited Partnership ("Palm Coast") was formed solely to buy, develop and sell a certain parcel of real estate located in Flagler County, Flori-

---

1. Section § 327(d) states, in relevant part, that "[t]he court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d).

da. On November 22, 1993, Palm Coast filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. By Notice of Appointment on October 18, 1994, Marvin J. Bloom ("Bloom") was appointed trustee of the Debtor's estate. Soon thereafter, Bloom sought to retain Keen Realty Consultants, Inc. ("Keen") as real estate broker to the estate. Bloom's goal in hiring Keen was to market and sell the real property owned by Palm Coast at the highest possible price. Bloom is an officer of Keen.

On February 2, 1995, the bankruptcy court held a hearing with respect to the proposed retention of Keen. The court ruled that the language of § 327(d) was permissive rather than prohibitive, and that the statute thus did not preclude the retention of Keen. Transcript of Oral Argument, *In re Palm Coast: Matanza Shores L.P.*, 93–45829, Feb. 2, 1995 (Bankr.S.D.N.Y.), at 18. The U.S. Trustee has appealed this order.

II. *Analysis*

■ The U.S. Trustee argues that implicit in § 327(d) is an express limitation on Bloom's ability to retain his firm to serve the Debtor in any capacity other than that of attorney or accountant. In support, the U.S. Trustee cites § 327(a) of the Bankruptcy Code, which states that "[t]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ... to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). The U.S. Trustee concludes that "when read in conjunction with § 327(a), § 327(d) is an express and unambiguous limitation on the bankruptcy court's power to authorize a trustee to employ his or her firm as a professional." Appellant's Brief at 5–6. According to the U.S. Trustee, "[b]ecause § 327(a) goes on to list an unlimited category of the types of professionals which can be employed by a trustee, ... the more limited category in subsection 327(d) can only be read as an exception or limitation to the broader category of subsection 327(a)." Appellant's Reply Brief at 3.

Courts that have ruled on this issue are in conflict. One court has held that § 327(d) "does not prohibit the Trustee from serving in one of the other professional capacities enumerated in 11 U.S.C. § 327(a) and being compensated independently for those professional services." *In re Wilkinson Distributing Co.*, 106 B.R. 658, 660 (D.Haw.1989). The *Wilkinson* court reasoned that "[t]here is no reason that the Trustee should not be permitted to perform such services, provided that he is qualified to perform the services, and the fee charged is commensurate with his qualifications and comparable to that charged in the open marketplace." *Id.* at 661.

However, the U.S. Trustee cites several cases which hold that § 327(d) is a complete bar to retaining the trustee's own firm in a non-attorney or non-accountant capacity. *See, e.g., In re Blue,* 146 B.R. 856, 858 (Bankr.W.D.Okla.1992) ("self employment by a trustee is limited to only two ... roles, attorney or accountant"); *In re Alexander,* 129 B.R. 183, 185 (Bankr.D.Minn.1991) ("concur[ring] with other courts which have held that this omission of permissive language in section 327(d) must be interpreted to prohibit a trustee from employing himself or herself in any capacity other than as attorney or accountant"); *In re Galt,* 130 B.R. 464, 465–66 (Bankr.S.D.W.Va.1989) ("a bankruptcy court may not authorize a trustee to act on behalf of the estate or employ himself or his wholly owned corporation to act in any capacities other than those of an attorney or accountant").

The U.S. Trustee also cites *In re Continental Nut Co.,* 44 B.R. 48 (Bankr.E.D.Cal. 1984), in support of his position. However, that case does not lend unqualified support to the U.S. Trustee's interpretation of the statute. In *Continental Nut,* a trustee sought to retain his real estate firm as appraiser, real estate broker and CPA for the debtor. The court noted generally that trustees should not be appointed in non-attorney and non-accountant capacities. But the court went on to provide specific reasons for denying the appointment of the real estate firm in that case. "Most activities that the trustee must do to seek out and recover the assets of the

estate can be pursued in his own name without the necessity of seeking the appointment of professionals." *Id.* at 49. The court also held that blanket appointments are improper because "there must be a showing with specificity that the services are necessary." *Id.* Under the circumstances presented, the court declined to allow the hiring of the real estate firm because "blanket authorization of professionals by a trustee could lead to abuse and unnecessary expense to the estate if such routine applications were granted." *Id.*

Unlike the real estate firm in *Continental Nut,* the Keen firm would serve a limited purpose—selling the one major asset of the Debtor, the real estate known as Matanza Shores. No blanket appointment to serve in a broad capacity as CPA, broker and appraiser, as the trustee sought in *Continental Nut,* is requested.

■ It is well-settled that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d ·290 (1989) (citation omitted). In this case, the plain meaning of the statute in question simply allows the trustee to retain his or her firm as attorney or accountant to the Debtor. There is no express statutory limitation on the trustee's ability to hire his or her own firm to serve in any other capacity, including that of real estate broker. If Congress intended to prevent trustees from retaining their own firms in a non-lawyer or non-accountant capacity, the Legislature could have so provided. This court will not interpret the language of § 327(d) to preclude such an action.

III. *Conclusion*

For the foregoing reasons, the opinion of the Bankruptcy Court is affirmed.

SO ORDERED.