### In re Michael MANDELL and Marcy Mandell, Debtors.

### Bankruptcy No. 96–21644–BKC–RBR.

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Oct. 24, 1996.

Jeffrey Soloman, Hollywood, FL, for Debtors.

Marika Tolz, Chapter 7 Trustee, Hollywood, FL.

John A. Moffa, Moffa & Moffa, P.A., Ft. Lauderdale, FL, for Trustee.

Steven R. Turner, Assistant U.S. Trustee, Miami, FL.

### *ORDER VACATING ORDER ON TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER (CP # 14) AND DENYING TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER (CP # 12)*

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on September 5, 1996 upon the Trustee's Application to Employ Real Estate Broker ("Application") and the objection thereto filed by Creditor/Tenant, Audrey B. Rodriguez. The Court having previously entered an Order Granting the Trustee's Application on July 11, 1996 treated the hearing as a motion to reconsider the Court's prior order. At the hearing, the United States Trustee raised his objection to the Application. Subsequent to the hearing, Creditor Rodriguez's objections were resolved by stipulation, leaving only the objections of the United States Trustee to be considered. The Court, having reviewed the pleadings, considered the arguments of the parties, and being otherwise duly advised in the premises, finds as follows.

This case was commenced by Michael Mandell and Marcy Mandell (collectively the "Debtors") on April 11, 1996 by the filing of a voluntary petition for relief under chapter 7

of the United States Bankruptcy Code. Shortly thereafter, the United States Trustee appointed Marika Tolz (the "Trustee") as the chapter 7 trustee in this case.

The Debtors' Schedules identify a parcel of improved real estate (not claimed as exempt) owned by the Debtors which has substantial equity. On July 8, 1996 the Trustee filed the Application seeking this Court's approval of the employment of State–Wide Realty Corp. (Marika Tolz, Broker) (the "Applicant") to serve as the Trustee's licensed exclusive real estate broker to sell this real estate. On July 10, 1996, Creditor Rodriguez apparently faxed to the Trustee an objection to the Application which was later filed with the Court on July 12, 1996.

The Application was submitted to the Court for consideration without hearing, and on July 11, 1996 the Court entered the Order on Trustee's Application to Employ Real Estate Broker (CP # 14). Subsequently, counsel for the Trustee filed a Certificate of Contested Matter on July 17, 1996 (CP # 15) notifying the Court that the Objection to the Application had been received by the Trustee, and the matter was set for hearing.

The United States Trustee appeared at the hearing and objected to the Trustee retaining herself and her corporation to serve as real estate broker. The United States Trustee argues that the Bankruptcy Code does not authorize the Trustee's self employment in any professional capacity other than as attorney or accountant. The United States Trustee points out that § 327(d) of the Bankruptcy Code is specific in the type of trustee self employment authorized by Congress and that the intention of Congress in limiting such self-employment to those two capacities is clear. Therefore, the United States Trustee claims that the Trustee's self employment (individually or through her corporation) as real estate broker is precluded. The United States Trustee also argues that the Trustee would not be "disinterested" for purposes of being employed as real estate broker, and that the Trustee's employment as exclusive broker constitutes an actual or potential adverse interest to the estate.

In response, the counsel for the chapter 7 Trustee argues that the language of § 327(d) does not limit the Trustee from employing herself in a professional capacity other than as attorney or accountant. Rather, the chapter 7 Trustee maintains that § 327(d) is merely an exception to § 327(a) which requires a professional to be disinterested. The Trustee interprets § 327(d) to allow the Trustee to act as an attorney or accountant, even if the Trustee does not meet the standard under § 327(a), if it is in the best interest of the estate.

This issue has not been previously argued before this Court. Any orders entered by this Court in other cases which authorized the retention of a trustee in a capacity other than attorney or accountant were considered by the Court without a hearing and this Court was not required to consider any objections or legal arguments. Thus, the Court has never considered the arguments advanced by the United States Trustee and any prior orders in other cases are not binding on this issue.

Subsection § 327(a) of the Bankruptcy Code provides:

> ***Except as otherwise provided in this section,*** the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. §§ 327(a) [Emphasis added]. As the first phrase of subsection § 327(a) indicates, the general provisions of subsection (a) are qualified by subsections (b), (c), and (d). Subsection § 327(d) provides as follows:

> The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.

There are no reported decisions on this issue by any court in the Eleventh Circuit and there are no published opinions by an United States Court of Appeal.[1] However,

---

**1.** A panel of the Ninth Circuit, in an opinion

determined by that court not appropriate for

the majority of reported decisions hold that subsection § 327(d) precludes a trustee from employing herself in any capacity other than as attorney or accountant. For instance, in *Assistant United States Trustee v. John Galt, Ltd. (In re John Galt, Ltd.),* 130 B.R. 464 (S.D.W.Va.1989), the District Court held that the Bankruptcy Court could not authorize a trustee to act on behalf of the estate or employ himself or his wholly owned corporation to act in any capacities other than those of attorney or accountant. The Court stated:

> In enacting subsection (d) thereof [section 327], Congress specifically set out two limited categories, i.e., attorney or accountant, in which the trustee could in effect hire himself. The court believes that effect must be given to that specific enumeration made by Congress in subsection (d). The court believes the principle of interpretation *expressio unius est exclusio alterius*—the mention of one thing implies the exclusion of another—is particularly applicable here in light of the language of subsection (a) visavis that of subsection (d) of § 327. Had Congress intended the language of subsection (d) to allow the trustee to act as professional persons other than attorneys or accountants, it could have easily done so by causing subsection (d) to provide "the court may authorize the trustee to act as attorney, accountant, appraiser, auctioneer, or other professional person for the estate," as it in substance provided in subsection (a), but Congress did [not] see fit to do so, and rather limited the authorization in subsection (d) to attorneys and accountants. The Court does not think it should assume that Congress had no purpose behind the use of the words "accountant" and "attorney," without more, in subsection (d) when to do so would negate the apparent intent of Congress.

130 B.R. at 465–466.

Several reported decisions of bankruptcy courts similarly support the proposition that a bankruptcy court cannot authorize a trustee to act on behalf of the estate or employ himself or his wholly owned corporation to act in any capacities other than those of attorney or accountant. *See, In re Blue,* 146 B.R. 856, 858 (Bankr.W.D.Okla.1992) ("self employment by a trustee is limited to only two of these roles, attorney or accountant"); *In re Alexander,* 129 B.R. 183, 185 (Bankr. D.Minn.1991) ("I concur with other courts which have held that this omission of permissive language in section § 327(d) must be interpreted to prohibit a trustee from employing himself or herself in any capacity other than as an attorney or accountant"); *In re Continental Nut Company,* 44 B.R. 48, 49 (Bankr.E.D.Ca.1984) ("Section 327[d] of the Bankruptcy Code gives the Court discretion to authorize a trustee to act as attorney or accountant if it appears in the best interest of the estate. By inference, the trustee should not be appointed as a professional for other endeavors").

■ The United States Supreme Court has repeatedly stated that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982). In such cases, the intention of the drafters, rather than the strict language, controls." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). The plain meaning of § 327(d) is that a trustee is authorized to employ herself as her attorney or accountant to assist her in the performance of her statutory duties. Congress did not authorize a trustee to employ herself in any other capacity. If Congress intended to authorize the trustee to act

publication and deemed not precedential under Ninth Circuit Rule 36–3, dealt with an objection to fees sought by a trustee for services as property manager. In this case the panel of the Ninth Circuit specifically held that it did not need to decide whether the trustee could be employed as property manager because the trustee and the debtor stipulated to the employment of the trustee as property manager before the services were rendered and no objection was made when the employment was approved by the bankruptcy court. The Court indicated that it would not disturb the stipulation after the services had been rendered. *See Equitable Center v. Commercial Investment Properties, Inc.,* 24 F.3d 245 (Table) [unpublished disposition], 1994 WL 171162 (9th Cir.1994).

in any professional capacity other than attorney or accountant, Congress knew how to express such intention. For example, subsection § 327(a) includes the broad language of "attorneys, accountants, appraisers, auctioneers, or other professional persons", and subsection 327(b) similarly uses the broad language "attorneys, accountants, or other professional persons". However, Congress did not grant such broad authority to the trustee for self employment in *any* professional capacity. The principle of *expressio unius est exclusio alterius* [2] applied in this case would support the proposition that the Trustee may not employ herself to serve as real estate broker in this case.

 Further evidence of the intention of Congress to limit self-employment by a trustee is demonstrated by Section 328(b) which provides:

> If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for the performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

Section 328(b) was enacted by Congress to authorize the Bankruptcy Courts to review the fee requests for the trustee's services as accountant or attorney in order to insure that "trustee duties" are not being performed and billed by the trustee as accountant or attorney, which would permit the trustee to exceed the statutory limitation on trustee compensation as set forth in 11 U.S.C. § 326. If the Trustee's argument is correct that § 327(d) does not preclude the employment of the Trustee as real estate broker for the Trustee, then it makes no sense that Congress would not have provided any authority for the Bankruptcy Court to review the services performed and billed by the Trustee as real estate broker to insure that such ser-

vices did not constitute "trustee duties" and thus a potential for exceeding the statutory limitation on trustee compensation.

 The United States Trustee also argues that the Applicant would not be disinterested or would hold an actual or potential interest adverse to the estate which would preclude its employment under subsection § 327(a). One of the duties of a trustee enumerated in § 704 is to "collect and reduce to money the property of the estate for which such trustee serves" which would include the sale of the Debtors' non-exempt improved real estate. A trustee's decision on the method to sell such real estate must be based upon the method determined to expeditiously result in the greatest recovery and benefit to the estate at the least transaction cost.

The decision by a trustee on the method of marketing and selling real estate, and whether to employ a real estate broker, must be made without a trustee having any monetary stake in which method is selected. If a trustee is authorized to employ herself, or her corporation, as the real estate broker, then an actual or potential conflict of interest arises and the trustee would (or likely could) hold an interest adverse to the estate. Furthermore, in such a case, the trustee would be in the position of negotiating the real estate commission, listing price, and terms of any sale without the independent advice the trustee would receive from a third-party broker.

For the foregoing reasons, it is hereby:

ORDERED AND ADJUDGED as follows:

1. This Court's Order on Trustee's Application to Employ Real Estate Broker dated July 11, 1996 (CP # 14) is VACATED.

2. The Trustee's Application to Employ Real Estate Broker (CP # 12) is DENIED.

---

**2.** The Eleventh Circuit has apparently recognized this rule of statutory construction. *See, e.g., Associates Commercial Corporation v. Sel–O–Rak* *Corporation*, 746 F.2d 1441, 1444 (11th Cir. 1984).